UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VON MAJOR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THOMAS SIRE,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01683-KES-BAM<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER PERMITTING SERVICE BY PUBLICATION WITHOUT PREJUDICE**<br><br>(Doc. 15)<br><br>**ORDER SETTING STATUS CONFERENCE** |

Currently pending before the Court is Plaintiff Eric Von Major's *ex parte* application for an order permitting service by publication on Defendant Thomas Sire. (Doc. 15.) Having considered the application, along with the record in this case, Plaintiff's application for service on Defendant by publication will be denied without prejudice.

**I.   BACKGROUND**

Plaintiff, through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 1, 2023. (Doc. 1.) Summons and new case documents were issued on December 5, 2023. (Doc. 7.)

On February 28, 2024, the Court converted the Initial Scheduling Conference to a Status Conference to address the status of service. (Doc. 11.) At the Status Conference on March 5, 2024, Plaintiff's counsel informed the Court that Plaintiff had attempted to serve Defendant at

1

every available location and was discussing whether Defendant's defense counsel for a criminal matter could accept service. The Court set a further Status Conference for April 22, 2024, but indicated that if Plaintiff filed a motion to request alternate service prior to the conference, then the conference would be vacated. (Doc. 13.)

On April 18, 2024, Plaintiff filed the instant *ex parte* application for service by publication. (Doc. 15.) The Court subsequently vacated the Status Conference set for April 22, 2024. (Doc. 17.)

## II. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service on an individual can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a).

Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977). The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication. *Harris*, 68 Cal. App. 3d at 726–27; *see also Wheelmaxx Inc. v. Mahal*, No.1:22-cv-01506-ADA-SKO, 2023 WL 3224161, at *4 (E.D. Cal. May 3, 2023); *Colonize Media, Inc. v. Palmer*, No. 1:20-cv-01053-DAD-SAB, 2021 WL 1839697, at *2 (E.D. Cal. May 7, 2021).

Furthermore, service by publication is appropriate only where, after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995). "Reasonable diligence" in attempting to serve by other methods denotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137–38 (1996) (internal citations and quotations omitted).

The "reasonable diligence" requirement exists because "it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal.4th at 749 n.5 (internal citations omitted). Service by publication is a "last resort," so courts require a plaintiff "to show exhaustive attempts to locate the defendant." *Id.* "In determining whether a plaintiff has exercised 'reasonable diligence' for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Duarte v. Freeland,* 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Donel, Inc.,* 87 Cal. App. 3d at 333). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "'all myriad ... avenues' have been properly exhausted to warrant service by publication." *Duarte,* 2008 WL 683427, at *1 (quoting *Donel, Inc.,* 87 Cal. App. 3d at 333). Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. *Watts,* 10 Cal. 4th at 749 n.5 (internal citations omitted).

**III.     DISCUSSION**

**A.     Plaintiff Has Not Established the Existence of a Valid Cause of Action**

Plaintiff has submitted a form application requesting service by publication. The form summarily concludes:

> A cause of action exists against the party upon whom service is to be made or he or she is a necessary or party to the action, or the party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of

3

>the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

(Doc. 15 at 1.)  However, Plaintiff has not provided an affidavit containing a statement of facts to establish that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. P. § 415.50(a)(1); *see also Harris,* 68 Cal. App. 3d at 726 ("[T]he verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant.").  "California courts have held that a declaration by counsel, and even a verified complaint, are insufficient to meet the jurisdictional requirement." *Colonize Media, Inc.*, 2021 WL 1839697, at *3 (citing *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 302 (S.D. Cal. 2020)); *see also Wheelmaxx*, 2023 WL 3224161, at *4.  Plaintiff's failure to produce a sworn statement of facts to support a cause of action against Defendant or establish that he is a necessary or proper party precludes this Court from finding that service by publication is appropriate.

## B.   Plaintiff Has Not Demonstrated Reasonable Diligence

In conjunction with the *ex parte* application, Plaintiff submitted a Non Service Report from a registered process server.  (Doc. 16.)  According to that report, the process server attempted to serve Defendant at a residence address of "3660 W San Jose Ave Apt 223, Fresno, CA 93711" on December 11, 2023, December 12, 2023, December 13, 2023, and December 15, 2023.  (*Id.*)  During the December 15, 2023 attempt, an individual named "Steven" indicated that the Defendant "was unknown" at the address.  (*Id.*)

The efforts described do not establish reasonable diligence as there is no indication that Plaintiff has made exhaustive attempts to locate Defendant.  Plaintiff has not demonstrated that he has taken any of the steps identified above to conduct a "thorough, systematic investigation and inquiry" in "good faith," let alone that he has consulted other "likely sources of information" that "must be searched before resorting to service by publication." *Kott*, 45 Cal. App. 4th at 1137.  Because Plaintiff has not shown that he exhausted other ways to locate Defendant, the Court is precluded from finding that Plaintiff has met the reasonable diligence standard necessary to permit service by publication.

4

The Court further notes that Plaintiff has proposed publication in the Fresno Bee. Any renewed application should explain how publication in this newspaper is most likely to give actual notice to Defendant. *See Peterson v. United States*, No. EDCV 15-00143-AB (RAO), 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) (denying request to serve the defendants by publication where "Plaintiff has not shown that publication in these newspapers is most likely to give actual notice to [the defendants], as he has not shown that they are likely to reside in the areas where these newspapers are disseminated.").

### IV.    CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's *ex parte* application for an order granting leave to serve Defendant by publication is HEREBY DENIED without prejudice.

IT IS FURTHER ORDERED that a Status Conference is set for **July 11, 2024, at 9:30 AM in Courtroom 8 (BAM) before the undersigned** to assess the status of service. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:   **May 9, 2024**                         /s/ *Barbara A. McAuliffe*              _
                                                                UNITED STATES MAGISTRATE JUDGE

5