Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile:  (559) 242-2400
Email:  kevin@kevinglittle.com

Attorney for Plaintiff Eric Von Major

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

|  |  |
|---|---|
| ERIC VON MAJOR, | Case No.:  1:23-cv-01683-KES-BAM |
| Plaintiff, | |
| v. | ~~[PROPOSED]~~ **ORDER PERMITTING ALTERNATIVE SERVICE ON THE DEFENDANT THOMAS SIRE** |
| THOMAS SIRE, and DOES 1 THROUGH 20, | (Doc. 21) |
| Defendants. | |

This matter is before the Court on the ex parte application of plaintiff Eric Von Major for an order permitting alternative service of the defendant, Thomas Sire.  (Doc. 21.)  Having considered the application, along with the record in this case, Plaintiff's application for alternate service will be granted.

## I.      BACKGROUND

Plaintiff, through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 1, 2023.  (Doc. 1.)  Summons and new case documents were issued on December 5, 2023.  (Doc. 7.)

On February 28, 2024, the Court converted the Initial Scheduling Conference to a Status Conference to address the status of service.  (Doc. 11.)  At the Status Conference on March 5, 2024, Plaintiff's counsel informed the Court that Plaintiff had attempted to serve Defendant at every available and was discussing whether Defendant's defense council for a criminal matter could accept service.  The Court set a further Status Conference for April 22, 2024, but indicated that if Plaintiff filed a motion to request alternate service prior to the conference, then the conference would be vacated.  (Doc. 13.)  On April 18, 2024, Plaintiff filed an instant *ex parte* application for service by publication, which the Court denied without prejudice as Plaintiff's efforts for that motion did not establish reasonable diligence and service by publication was not most likely to give actual notice to Defendant.   (Docs. 15, 18.)

On July 11, 2024, Plaintiff filed the instant motion, requesting alternate service by: (1) posting of a complete copy of the service packet (e.g., file-stamped copies of the summons, complaint, and any orders or notices thus far issued by the Court, including this Order) on the front door of the defendant's residence, 3660 W. San Jose Avenue, Apt. 223, Fresno, CA 93711; (2) personal delivery of another copy of the service packet to the defendant's apartment complex, Lakeside Apartments, 5250 N. Brawley Ave., Fresno, CA 93722; (3) mailing  the service packet to the defendant's residence address, and (4) electronic mail delivery of the service packet to the defendant's apparent email addresses, 21tomsire@gmail.com.  (Doc. 21 at 1-2.)

## II.     LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service on an individual can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  California law permits service at a person's usual place of abode if the person a "copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served…"  Cal. Civ. Proc. Code § 415.20(b) ("a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in

charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.") "'Ordinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.'" *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (quoting Bein v. *Brechtel–Jochim Group, Inc*., 6 Cal.App.4th 1387, 1390, 8 Cal.Rptr.2d 351, 352 (1992)).

California Code of Civil Procedure also permits service by mailing a "copy of the summons and of the complaint ... (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a). Subsection (b) of the statute provides the form for a Notice and Acknowledgment of Receipt of Summons which cautions the recipient that "[f]ailure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law." *Id*. § 415.30(b), 415.30(d). Service by mail is "deemed complete on the date a written acknowledgment of receipt of summons is executed." *Id*. § 415.30(c); *see also Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994).

**III. DISCUSSION**

Plaintiff has established reasonable diligence to permit substitute service of Defendant. In conjunction with the *ex parte* application, Plaintiff's counsel submitted a supporting declaration and exhibits, in which he notes that he hired a process server to serve Defendant Sire. (Doc. 21 at 3, Doc. 16.) The process server attempted to serve Defendant on four separate occasions at different times of day on December 11, 12, 13, and 15, 2023, at 3660 W. San Jose Ave. Apt 223, Fresno, CA 93711. (Doc. 21 at 3, Doc. 16.) During one of those attempts, a male who stated that his name was Steven said that no person named Thomas Sire lived at that address. (*Id.*) However, Plaintiff's

counsel then confirmed through public records databases and a subpoena of the property manager of that address that the 3660 W. San Jose Ave. address corresponded to Defendant and attempted to serve Defendant unsuccessfully at that address on four further occasions via personal service.  (Doc. 21 at 3-4, 6-13.)  Plaintiff's counsel also attempted service by mail by mailing a service packet and waiver of service of summons form to the 3660 W. San Jose Ave. address on May 16, 2024.  (*Id.* at 3, 14-24.)  The packet was received and signed for on May 18, 2024, but Plaintiff's counsel has not indicated receiving a signed waiver by the 60 day period expiration of July 15, 2024.  (*Id.*)

Plaintiff's counsel further additionally attempted to serve Defendant by contacting his former criminal attorney to determine whether Defendant's former attorney or any family member of Defendant would accept service for Defendant, however those attempts were also unsuccessful. (*Id.* at 4.)  Through a subpoena of the property manager of the 3660 W. San Jose Ave. address, Plaintiff's counsel additionally determined that Defendant had lived at that address since 2018, had recently signed a renewed lease, and that Defendant's email address was 21tomsire@gmail.com. (*Id.* at 4, 32-41.)

The efforts described establish reasonable diligence and demonstrate that Plaintiff has made exhaustive attempts to locate and serve Defendant.  Plaintiff has made multiple attempts at personal service and service by mail at the apparent address of Defendant.  (Doc. 16, Doc. 21 at 3-4); *See Bonita*, 165 F.R.D. at 613.  Plaintiff has additionally attempted to contact or serve Defendant through alternate means, including through his former criminal attorney.  (Doc. 21 at 4.) Accordingly, Plaintiff has met the reasonable diligence standard necessary to permit the alternate service requested.

///

///

///

///

///

///

///

ORDER ON EX PARTE APPLICATION

**IV. CONCLUSION AND ORDER**

Because the plaintiff has met the reasonable diligence standard for alternative service and has also provided assurances that alternative service as proposed would comport with due process under the circumstances presented, IT IS ORDERED THAT:

1. Plaintiff's *ex parte* application for alternate service (Doc. 21.) is GRANTED;

2. On or before **August 30, 2024**, Plaintiff shall serve the Summons, Complaint, Notice of ADR, and a copy of this order permitting alternate service on Defendant by all of the following means:

   a.  Posting a complete copy of the service packet (e.g., file-stamped copies of the summons, complaint, and any orders or notices thus far issued by the Court, including this Order) on the front door of Defendant's residence, 3660 W. San Jose Avenue, Apt. 223, Fresno, CA 93711;

   b.  Personal delivery of a copy of the service packet to Defendant's apartment complex manager, Lakeside Apartments, 5250 N. Brawley Ave., Fresno, CA 93722;

   c.  Sending a copy of the service packet by U.S. Mail and U.S. Certified Mail to the Defendant's last known address at 3660 W. San Jose Avenue, Apt. 223, Fresno, CA 93711; **and**

   d.  Sending a copy of the complete service packet by email to the defendant's apparent email addresses, 21tomsire@gmail.com;

3. Service via these methods is the manner most likely to give actual notice of this proceeding to Defendant.

4. Service of Defendant shall be deemed complete on the tenth (10) day after the last mailing.

IT IS SO ORDERED.

Dated:   **August 9, 2024**              */s/ Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE