UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VON MAJOR,<br><br>           Plaintiff,<br><br>    v.<br><br>THOMAS SIRE,<br><br>           Defendant. | Case No.  1:23-cv-01683-KES-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>(Doc. 36) |

Plaintiff Eric Von Major, through counsel, filed this civil rights action against Defendant Thomas Sire on December 1, 2023.  Plaintiff alleges that Defendant Sire, while a correctional officer with the Fresno County Sheriff's Office, violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments when he used excessive force to physically assault the Plaintiff by kicking him and slamming him on the ground.  (*See* Doc. 1.)  Currently before the Court is Plaintiff's motion for leave to file a first amended complaint. (Doc. 36.)  Defendant Sire failed to file a timely opposition to the motion by August 1, 2025, as ordered by the Court.  (Doc. 40.)  In the absence of any opposition, the motion is deemed submitted on the current record.  L.R. 230(g).  Having considered the moving papers, along with the record in this case, Plaintiff's motion for leave to file a first amended complaint for damages will be granted.

///

///

1

**DISCUSSION**

**A. Summary of Plaintiff's Allegations**

In the operative complaint, Plaintiff alleges that: On December 4, 2021, Defendant Sire, then employed as a correctional officer at the Fresno County Jail, intentionally took Major to a spot where he could not be seen on camera ("blind spot") with an intent to assault and beat Major. (Doc. 1, Compl. ¶ 7.) Defendant Sire conducted a "takedown" of Major in the gym, instructing Major to place his hands on the wall for a pat search and then suddenly slammed Major face first to the ground, verbally abusing him with derogatory language and yelling. (*Id.* ¶ 8.) Once on the ground, Defendant Sire physically beat Major while he was defenseless and in a blind spot, including by striking and kicking Major. (*Id.* ¶ 9.) A Fresno County Sheriff's employee brought Defendant Sire's misconduct to a supervisor's attention. (*Id.* ¶ 10.) An internal investigation resulted in a finding that Defendant Sire was responsible for assaulting Major. (*Id.* ¶ 11.) Defendant Sire resigned from the Fresno County Sheriff's office as a correctional officer, with potential discipline pending. This resignation enabled him to keep his retirement funds and avoid peace officer decertification. (*Id.* ¶ 12.) Defendant Sire was criminally charged for the assault and battery he committed upon Major, in Fresno Superior Court Case No. F2903017. Defendant Sire's initial charge under Cal. Penal Code § 149 was reduced to a misdemeanor and ultimately dismissed pursuant to Cal. Penal Code § 1001.95, after he completed a diversionary program. (*Id.* ¶ 13.)

**B. Motion for Leave to File First Amended Complaint**

Plaintiff suggests in his motion that he seeks leave to amend his complaint to add causes of action and allegations relating "almost entirely to events that have occurred since the original complaint was filed." (Doc. 36 at 1, 3.) Plaintiff does not specify the claims or allegations he seeks to add. Rather, Plaintiff refers the Court to his proposed amended pleading accompanying the motion. (*Id.*) Notwithstanding Plaintiff's lack of clarity, the Court has compared the proposed amended complaint with the operative complaint in this action. Based on that comparison, it appears Plaintiff seeks leave to amend his complaint to: (1) add the County of Fresno as a defendant; (2) add a claim for conspiracy to impede justice under federal and state

law against Defendant Sire and DOES 1-20; and (3) add claims for declaratory relief under both federal and state law against the County of Fresno. (*See* Doc. 36, Proposed First Amended Complaint ("PFAC"), Ex. A to the Supporting Declaration of Kevin G. Little.)  Additionally, Plaintiff seeks to add allegations, including the following:

> 14.   Even though Sire was investigated, found responsible, and prosecuted for what he did to plaintiff, and even though he resigned under shameful circumstances, he has continued to receive the sub rosa support of his former employer.  The Fresno County Sheriff's Office and Fresno County Risk management have shared information with and pledged support to defendant Sire in this litigation.  Defendant Sire's witness list includes Fresno Sheriff's Office personnel who are prepared to testify that he acted lawfully and appropriately, while at the same time the Fresno Sheriff's Office is taking the official position that defendant Sire acted outside of the scope of his employment under Cal. Government Code § 995.2, thereby denying defense to defendant Sire. Furthermore, the County of Fresno and defendant Sire have agreed that, since he is "judgment proof" and he is not receiving County defense, the likely outcome of the claims against defendant Sire, i.e., a finding of misconduct by him but without County defense or his actual payment of a judgment, will enable the County of Fresno to avoid financial responsibility for plaintiff's claims under Cal. Government §§ 825 and 825.2.  This denial does little to disadvantage Sire, who has made himself "judgment proof" since 2021; instead, the plaintiff is informed and believes that the County of Fresno and defendant sire have coordinated this response to plaintiff's claim, as an act of further retaliating against him.
>
> 15.   As alleged above, there is nothing unusual about what defendant Sire did to the plaintiff, other than that he was exposed.  The County and Sire are taking the joint strategy described above in this case to make an example of major, and thereby dissuade future abuse victims from coming forward, since no actual recovery will be had.  The non-payment of Major's claim will also thus embolden future abusive correctional officers, who will know even more so that their victims will be powerless to challenge their actions in court, even if another brave whistleblower reports the abuse.  The County seeks to implement a strategy whereby jail abuse is either subject to dissuasion or coverup before legal action is filed, defensible as having not occurred or being appropriate, or non-appropriate as ultra vires action if filed and successfully proven.  This practice will result in all jail abuse victims being denied compensation for one or more of these reasons.
>
> 16.   The above-described conspiracy was hatched, at the latest, when defendant Sire was finally served with process on August 12, 2024 and when the County of Fresno announced it would not defend or indemnify defendant Sire on or about September 10, 2024.  The County's determination flies in the face of its longstanding practice of ratifying the exact misconduct defendant Sire committed, only in an effort to disadvantage plaintiff and to send a message to future jail abuse victims.  This illicit conspiracy was agreed upon between personnel from the Fresno County Risk Management Division, defendant Sire, and other County personnel or agents currently unknown.  These individuals will be renamed in their true identities once they are identified in discovery.

(PFAC ¶¶ 14-16.)

///

3

### C. Legal Standard

Plaintiff timely filed his motion seeking leave to amend on June 29, 2025, consistent with the Scheduling Conference Order deadline to file stipulated amendments or motions to amend the pleadings. (*See* Doc. 35 [Amendment to Pleadings: June 30, 2025]). Plaintiff's motion is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings. *Bencomo v. County of Sacramento*, No. 2:23-cv-00440-DAD-JDP, 2024 WL 382381, at *1 (E.D. Cal. Jan. 31, 2024) ("Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings when the deadline for amendments in the pretrial scheduling order had yet to pass at the time the motion for leave to amend was filed . . . ."); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16).

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment

1    under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment,
2    and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d
3    1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.
4    1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).
5    These factors are not of equal weight as prejudice to the opposing party has long been held to be
6    the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC*
7    *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is
8    the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*
9    *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the
10   most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a
11   presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316
12   F.3d at 1052.

         **D. Analysis**

14       In considering the relevant factors, the Court finds that leave to file a first amended
15   complaint should be granted. First, there is no indication of undue delay. Plaintiff timely filed
16   his motion for leave to amend prior to the expiration of the deadline for amendment of pleadings.
17   Further, at least certain of the proposed amendments are based upon events allegedly occurring
18   after the filing of Plaintiff's initial complaint. In particular, Plaintiff includes allegations of a
19   purported conspiracy "hatched, at the latest, when defendant Sire was finally served with process
20   on August 12, 2024 and when the County of Fresno announced it would not defend or indemnify
21   defendant Sire on or about September 10, 2024." (PFAC at ¶ 16.)

22       Second, there will be little prejudice to Defendant in permitting the amendment. The case
23   is still in the early stages of discovery, with a non-expert discovery deadline of February 13,
24   2026, an expert discovery deadline of May 15, 2026, and a trial date of February 2, 2027. (*See*
25   Doc. 36.) Defendant also has not opposed the motion on any basis, including prejudice.

26       Third, Defendant has not opposed the motion on futility grounds. Moreover, denial of
27   leave to amend on futility grounds is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539
28   (N.D. Cal. 2003)). "Ordinarily, courts will defer consideration of challenges to the merits of a

proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* The question of whether Plaintiff has adequately pleaded proposed new claims is a question better addressed on a motion to dismiss. *See*, *e.g.*, *Ross v. Wilmington Savs. Fund Soc'y, FSB*, No. 2:22-cv-07922-MCS-RAO, 2023 WL 3431911, at *2 (C.D. Cal. Mar. 7, 2023).

Fourth, there is no assertion that the amendment is brought in bad faith. Fifth, and finally, Plaintiff has not previously amended the complaint.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint for damages (Doc. 36) is GRANTED.

2. Within five (5) court days, Plaintiff shall file the First Amended Complaint, a copy of which was attached as Exhibit A to the Supporting Declaration of Kevin E. Little.

3. Defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **August 6, 2025**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

6